124 N.J. Super. 314 (1973)
306 A.2d 489
GEORGE F. KUGLER, JR., ATTORNEY GENERAL OF NEW JERSEY, PLAINTIFF,
v.
MARKET DEVELOPMENT CORPORATION, A FOREIGN CORPORATION, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Tried February 1, 1973.
Decided April 26, 1973.
*317 Mr. Richard W. Grieves, Deputy Attorney General for Plaintiff (Mr. George F. Kugler, Jr., Attorney General of New Jersey, Attorney).
Mr. John A. Ridley (Crummy, O'Neill, DelDeo & Dolan, Esqs.) and Mr. Arnold Morelli of the Ohio bar admitted pro hac vice (Bauer, Morelli & Heyd, Esqs.) for defendant.
KIMMELMAN, J.S.C.
The Attorney General of New Jersey has instituted this summary action in accordance with R. 4:67 and pursuant to the jurisdictional authority contained in N.J.S.A. 56:8-8 to enjoin the defendant Market Development Corporation (MDC) from alleged violations of the Consumer Fraud Act, N.J.S.A. 56:8-1, et seq.
MDC, a foreign corporation, conducts a direct interstate mail solicitation of New Jersey residents consisting of a form of congratulatory letter which purports to advise the recipient that he is a "Sweepstakes prize winner" and that his winnings consist of "A GLAMOROUS VACATION FOR TWO ADULTS" and a "TREASURE CHEST CRAMMED FULL OF NATIONALLY ADVERTISED HOUSEHOLD AND COSMETICS PRODUCTS". The recipient is also advised that he must, within ten (10) days, notify MDC of his intention to accept his prizes for which he is obliged to pay a $15 "service charge". Included with the notification letter is a bonus certificate with an official numbered sweepstakes ticket and receipt attached, a descriptive flyer regarding the "prizes", a registered gift certificate, and a return envelope addressed to defendant at Hollywood Building, Farmingdale, N.Y. 11735 or Cincinnati, Ohio 45224.
*318 The aforementioned materials which collectively constitute the solicitation mailed to New Jersey residents by defendant contain various representations, expressed or by implication, including the following:
a) "... your lucky number has been computer selected as a Sweepstakes prize winner."
b) "YOU ARE TO RECEIVE THE FOLLOWING PRIZES: A GLAMOROUS VACATION FOR TWO ADULTS ..."
c) One of the "vacations" available is at Walt Disney world where lodging and access to numerous attractions will be provided.
d) "... you will be our guest at the Hacienda located in the entertainment capitol (sic) of the world Las Vegas, Nevada."
e) "... the total intrinsic value of your winnings amounts to approximately $300.00."
f) "You will definitely enjoy the vacation of a lifetime ..."
g) "Unless I hear from you within the next 10 days .. . I will be compelled to pass your winnings on to the next eligible contest winner."
h) "This (Vacation) Certificate is given to you as an additional bonus ..."
i) "... the Vacation Certificate is naturally the most valuable part of your Sweepstakes winnings."
j) "FREE VACATION FOR TWO" (Bonus Certificate).
k) "OFFICIAL SWEEPSTAKES TICKET NO. 05988"; "YOUR OFFICIAL RECEIPT NO. 05988."
The Attorney General contends that defendant's advertising plan or scheme is on its face violative of N.J.S.A. 56:8-2.3 and that the implementation of such advertising plan or scheme in the State of New Jersey involves the use or employment of deception, fraud, misrepresentation and other practices declared unlawful by the Consumer Fraud Act, specifically N.J.S.A. 56:8-2.
A number of defenses are raised by MDC. Both the in personam and summary jurisdiction of the court are challenged as is the constitutionality of N.J.S.A. 56:8-2.3.
Initially, the jurisdiction of the New Jersey courts over the defendant is beyond doubt. Direct mail solicitation of New Jersey residents is a sufficient warrant to sanction in personam jurisdiction without offending traditional notions *319 of fair play and substantial justice. Schaffer v. Granit Hotel, Inc., 110 N.J. Super. 1 (App. Div. 1970).
Likewise the summary jurisdiction of this court is certain. N.J.S.A. 56:8-8 authorizes the Attorney General to "seek and obtain in a summary action in the Superior Court an injunction" prohibiting violations of the Consumer Fraud Act. The very nature of the practices declared to be unlawful by the Legislature requires that an expeditious avenue of relief be afforded for the protection of the often unsuspecting and gullible consuming public. If otherwise, the delay attendant upon a plenary hearing would deprive the Attorney General of an essential tool in the arsenal of remedies made available to him by the Legislature. The collection of a statutory penalty is neither the sole nor main relief sought and therefore defendant's argument that R. 4:67-1(a) bars disposition of this action in a summary manner is rejected.
Additionally, there is no merit in defendant's argument that the Seventh Amendment (U.S. Constitution) guarantee of trial by jury in suits at common law where the value in controversy exceeds $20 mandates a plenary trial for this action. The present cause of action and right to seek redress are foreign to the common law, being modern day creations of the Legislature for the relief and cure of a current mischief. Kugler v. Banner Pontiac-Buick, Opel, Inc., 120 N.J. Super. 572, 582 (Ch. Div. 1972).
MDC's main argument relates to the alleged unconstitutionality of N.J.S.A. 56:8-2.3. The contention is made that that section is vague and overbroad, there being no definition of "advertising plan or scheme", no definition of "prize", no definition of "sales promotion effort" and no delineation of what "act" a consumer is required to do in order to produce a violation of the law. N.J.S.A. 56:8-2.3 provides as follows:
"The notification to any person by any means, as part of an advertising plan or scheme, that he has won a prize and requiring him *320 to do an act, purchase any other item or submit to a sales promotion effort is an unlawful practice and a violation of the act to which this act is a supplement."
No doubt the language employed by the Legislature is sweeping, broad and all-encompassing. However the breadth and scope of an enactment furnish no reason for striking it down as long as the prohibited conduct can be fairly ascertained. There is a presumption of the constitutionality of a legislative enactment; a court must adopt that construction which will save rather than destroy and if necessary will strain to achieve that result. N.J. Sports and Exposition Authority v. McCrane, 119 N.J. Super. 457, 476 (L. Div. 1971) aff'd 61 N.J. 1 (1972). No such gymnastics are necessary here. Courts can always ascribe a plain common-sense meaning to the legislative language employed. The above-quoted objectional phrases are neither unique nor the work of an esoteric draftsman. That which constitutes an advertising plan or scheme and a sales promotion effort it easily understood. There is no doubt that the congratulatory letter sent to New Jersey residents advising the recipient that he is a "Sweepstakes prize winner" enclosing a flyer describing the prizes, requiring the recipient to signify his acceptance by remitting a $15 service charge in return for his "prizes" and exposing him to an offer to sell merchandise run afoul of the sweep of N.J.S.A. 56:8-2.3. It is no defense that the recipient receives value for his $15 remittance since neither fraud nor deception are essential ingredients proscribed by this section.
What is interdicted is the subjection of New Jersey residents to notification (usually by unsolicited mass mailings) that they have won a prize, which notification is part of an advertising plan or scheme and which requires the recipient to do an act or purchase an item or submit to a sales promotion effort. To be sure, the definition of an "act" can be as broad as the human mind can imagine but within the context and scope of the Consumer Fraud Act the legislative *321 intent was not that uncertain. Rather it was to ascribe to the word "act" the notion that the recipient is being called upon to do something however slight in relation to setting in motion the machinery which will deliver to him his "prize". In order for a prize to be legitimate the Legislature intended that it be a pure gift and come to the recipient without strings attached. That which the recipient must do to unattach the "strings" is the "act" contemplated by the statute.
Based upon the foregoing analysis the terms of the statute are not so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application. Connally v. General Const. Co., 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322 (1926). Certainly in this case, the remittance of $15 required to be made by the recipient is as concrete and definite an act as one can imagine.
A detailed analysis of N.J.S.A. 56:8-2 which the defendant likewise alleges to be unconstitutional is not required. Upon the same reasoning consonant with the rationale supporting the Consumer Fraud Act, I find that section to be constitutional. Finally, I find no merit in defendant's contention that its First Amendment rights are abridged by the statute. United Advertising Corp. v. Borough of Raritan, 11 N.J. 144 (1952); Lynch v. Blount, 330 F. Supp. 689 (S.D.N.Y. 1971) aff'd 404 U.S. 1007, 92 S.Ct. 673, 30 L.Ed.2d 656 (1972).
The uncontroverted facts which I have recited at the beginning of this opinion warrant a finding of liability under Counts One and Two of the Complaint. It is unnecessary to make any finding relative to Count Three although my reaction to a "prize" of a free vacation more than a thousand miles distant in either Miami Beach or Las Vegas subject however to a small print reverse-side notation "Transportation not included" would be to regard such prize as a "deception" which is an unlawful practice prohibited by N.J.S.A. 56:8-2.
*322 Counsel for the plaintiff is directed to list this matter on formal notice before the court for the imposition of sanctions, damages and/or penalties.
NOTE: On June 15, 1973, by way of final judgment, the court imposed upon the defendant a penalty of $1,000 and ordered that defendant deposit the sum of $25,000 with the Attorney General in order that restitution be made by the Office of Consumer Protection to those prizewinners who make such request following statewide publication of notification of their right to do so.