THE OMAHA NATIONAL BANK OF OMAHA, NEBRASKA, TRUSTEE, ET AL., APPELLANTS, v. MELVIN E. MULLENAX ET AL., APPELLEES.

320 N.W.2d 755

Filed June 11, 1982. No. 44154.

John F. Thomas of McGrath, North, O'Malley & Kratz, P.C., and Randall L. Rehmeier of Wellensiek & Rehmeier, for appellants.

Simon Lantzy of Lantzy & Parsons, for appellees.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

McCOWN, J.

This is an action to quiet title to real estate allegedly acquired by conveyance, accretion, and adverse possession. The District Court, upon defendants' motion, dismissed plaintiffs' petition without prejudice for failure to diligently prosecute. Plaintiffs have appealed.

On February 3, 1976, The Omaha National Bank, as trustee of a trust in which plaintiffs William F. Neal and Mary Linda Neal Reber were sole beneficiaries, filed this action against the defendants Melvin E. and Mabel C. Mullenax to quiet title to various tracts of real estate allegedly acquired by conveyance, accretion, and adverse possession.

During the pendency of the action the trust terminated and the trustee transferred specifically described portions of the land and assigned all its right, title, and interest to the plaintiffs Mary Linda Neal Reber and William F. Neal and they have continued the action. An amended petition was filed on September 28, 1976. The defendants filed an answer

and cross-petition on January 3, 1977, alleging that defendants were the owners of a portion of the real estate by virtue of adverse possession. Additional defendants filed a petition to intervene in January 1977. On March 7, 1978, the court ordered the case stricken from the trial docket unless good cause was shown within 60 days. On May 2, 1978, the case was restored to the trial docket and the motion of defendants Leatherman to intervene was granted. On May 5, 1978, the defendants filed an amended answer and cross-petition, seeking to have title quieted in the defendants and adding several additional defendants who filed voluntary appearances.

On October 16, 1979, the plaintiffs filed a second amended petition enlarging the area of the disputed real estate. Pretrial conference was held in October 1979 and the case was set for trial on February 18, 1980. On the court's motion the trial date was continued until March 24, 1980. On March 19, 1980, defendants McIntire intervened, replacing intervenors Leatherman.

On or about March 20, 1980, attorneys for the various parties and defendant Melvin E. Mullenax and other individuals participated in settlement discussions. The plaintiffs' affidavit states that a settlement agreement was reached but that when the written settlement agreement was presented to the defendant Melvin E. Mullenax, he refused to sign it. Mullenax's affidavit states that his attorney had no authority to commit him to a settlement; that the conversations were merely for the purpose of exploring the possibility of settlement; and that he rejected the written proposal when it was submitted. No trial was held on March 24, 1980, but the judge's minutes of April 1, 1980, state: "Settlement pending."

On September 29, 1980, the case was set for trial on January 26, 1981. On January 15, 1981, the plaintiffs filed a motion to enforce the settlement agreement,

supported by affidavits from counsel for plaintiffs and some of the intervenors, setting out their version of the March 20, 1980, settlement conference and the agreement allegedly rejected. On January 16, 1981, the defendants filed resistance to the motion, accompanied by an affidavit of Melvin E. Mullenax stating his version. On January 20, 1981, the District Court denied the motion to enforce the settlement agreement but granted leave to the plaintiffs to amend their petition to include the issue of settlement raised by the motion. On January 22, 1981, the plaintiffs filed an amendment to their petition setting forth a second cause of action, praying that the settlement agreement be enforced, and that the second cause of action be heard first by the court. The defendants filed a general demurrer to the second cause of action, stating that it failed to state a cause of action and was contrary to local rules of practice of the District Court. Those rules provide that no stipulations or private agreements of counsel or of parties to a suit will be recognized unless made in open court during trial, or unless they were in writing and signed by the parties or their attorneys. The court sustained the demurrer and dismissed the second cause of action.

The plaintiffs gave notice that they intended to file a separate petition for enforcement of the settlement and the parties agreed that further proceedings would be had in the present case on January 23, 1981. The plaintiffs then filed a new and separate petition to enforce the settlement agreement and filed a motion requesting a continuance in the present case based on an intent to appeal the court's ruling sustaining the demurrer to the second cause of action. Since there was no resistance to the motion for continuance, the court continued the case until the further order of the court, based on the assumption that a separate case was being filed.

On February 17, 1981, the defendants filed a mo-

tion to dismiss the present case on the grounds that the plaintiffs had failed to prosecute the separate settlement case in a timely fashion. The motion was supported by an affidavit from the clerk of the District Court stating that no praecipe for summons had been issued in the separate case as of February 17, 1981. The motion was heard on February 23, 1981, and taken under advisement. On February 27, 1981, plaintiffs filed a motion for an order vacating the demurrer to the second cause of action or for an order nunc pro tunc requesting the court to specify the grounds upon which the demurrer was sustained, and a motion for a new trial. On March 4, 1981, the plaintiffs' motions were all denied and the defendants' motion to dismiss the present case was granted on the ground of failure to diligently prosecute the action.

The plaintiffs contend that an alleged oral settlement agreement entered into by the parties to a pending lawsuit is enforceable, and rely on the case of *Simmons v. Murray,* 189 Neb. 695, 204 N.W.2d 800 (1973).

Rule 16 of the Rules of Practice of the First Judicial District provides: "All stipulations and private agreements of counsel or of parties to a suit, unless made in open court during trial, must be reduced to writing and signed by the parties or their attorneys making the same or they will not be recognized."

In the overwhelming majority of states similar statutes or court rules requiring agreements to be in writing have been held applicable to agreements of settlement or compromise and courts have refused to enforce any such oral compromise and settlement agreements. See, *Estate of Pewters v. Holland Page Industries, Inc.,* 443 S.W.2d 392 (Tex. Civ. App. 1969); *Moore v. Gunning,* 328 So. 2d 462 (Fla. App. 1976); *American Cas. Co. v. Western Cas. & Surety Co.,* 19 Wis. 2d 176, 120 N.W.2d 86 (1963). Only two

states have apparently held otherwise. Those are Georgia and New York, which were cited by this court in *Simmons.*

The rule that compromise and settlement agreements are not required to be in any particular form is generally stated as being subject to the specific exception that when local statutes or rules of court require compromises to be in writing, those local rules are applicable. The general rule is also that if the subject matter of a compromise or settlement is within the statute of frauds, the agreement must be in writing, signed by the parties. Court rules of the kind involved here are related to statutes of fraud although they are based upon additional principles of efficient judicial administration. The general rule, as set out in 15A Am. Jur. 2d *Compromise and Settlement* § 10 (1976), is: "Except to the extent that local statutes or rules of court may require compromises to be in writing, no particular form of agreement and no writing is ordinarily essential to a valid compromise. However, if the subject matter of a compromise is within the statute of frauds, the compromise must be in writing (or evidenced by a sufficient memorandum), unless there is an oral compromise agreement followed by sufficient performance to remove the agreement from the operation of the statute of frauds."

In the present case there can be no doubt that any settlement of the quiet title action involved here necessarily involves a creation, grant, assignment, surrender, or declaration of an interest in land and would also require the execution of deeds of conveyance. Neb. Rev. Stat. §§ 36-103 and 36-105 (Reissue 1978) are applicable to the alleged settlement agreement in this case, as well as court rule No. 16. In the present case there is no writing or memorandum signed by the parties or their counsel, and there was no partial performance which could be solely related to the settlement agreement. Neither was the al-

leged agreement made in open court. In addition, it is disputed by defendants that they made a settlement agreement or that their counsel had any authority to make any such agreement.

It is virtually undisputed that a compromise and settlement agreement is subject to the general principles of contract law and is enforceable under the same principles as other contracts. See, *Brown v. Brown,* 343 A.2d 59 (App. D.C. 1975); *Pyle v. Wolf Corporation,* 354 F. Supp. 346 (D. Or. 1972). It would be strange indeed if an agreement which would be unenforceable under the statute of frauds and is also unenforceable under a court rule applicable to all parties to a suit were to become enforceable simply because the matter involved in the settlement agreement was pending as a lawsuit in court. Even though the law favors and encourages settlements, the fact that a lawsuit has been filed ought not to validate an otherwise unenforceable contract.

In view of the foregoing, it is clear that the alleged oral agreement of settlement in this case cannot be enforced. An alleged oral compromise and settlement agreement not made in open court is unenforceable where it is in violation of the statute of frauds or in violation of a court rule requiring all stipulations and agreements of counsel or parties to a suit to be in writing, signed by the parties or their attorneys. To the extent *Simmons v. Murray,* 189 Neb. 695, 204 N.W.2d 800 (1973), is in conflict, it is overruled.

The remaining issue is whether or not the dismissal of the original quiet title action for lack of prosecution was proper. While dismissal on such grounds is generally within the discretion of the trial court, it is apparent from the record that the failure to prosecute the underlying quiet title action, at least in the later stages, was due to an extended effort to end the litigation by enforcing the alleged settlement agreement. While reliance on the *Simmons*

case may have been overly enthusiastic, the record does not establish that the delay was entirely due to the plaintiffs alone. In our view the record does not justify the dismissal of the quiet title action in the present case.

The action of the District Court in denying each and all of the plaintiffs' motions is affirmed. The order of the District Court granting defendants' motion to dismiss the case is reversed and the cause remanded to the District Court with directions to reinstate the action.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.