ALLEN R. SMITH AND SHIRLEY K. SMITH, APPELLANTS, V. UNION INSURANCE COMPANY, A NEBRASKA CORPORATION, APPELLEE.

359 N.W.2d 113

Filed December 7, 1984. No. 84-578.

Bert E. Blackwell, for appellants.

Ronald E. Strasburger of Anderson, Strasburger, Klein,

Peterson and Swan, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

This is an appeal of an award of an attorney fee to plaintiffs' counsel under the provisions of Neb. Rev. Stat. § 44-359 (Reissue 1978). The error assigned is the inadequacy of the fee awarded.

The plaintiffs filed suit against their insurance company in the county court for Furnas County, seeking to recover the damages to their automobile caused by a windstorm. The insurance company offered to confess judgment in the amount of $879.90 plus costs. The plaintiffs rejected this offer and insisted on a jury trial, which resulted in a verdict of $1,235.55. Neither party appealed from the judgment entered on that verdict.

Plaintiffs' attorney filed a motion for attorney fees under the provisions of § 44-359, which require the court to award a plaintiff a reasonable sum as an attorney fee in addition to the amount of the recovery in suits against insurance companies. The county court awarded a fee of $370. This award was affirmed on appeal to the district court. Counsel has prosecuted an appeal to this court.

It is counsel's contention that he has expended a total of 36.31 hours in the prosecution of this cause, including some 10.5 hours devoted to the hearings on fees. He claims reimbursement at the rate of $75 per hour, with some minor exceptions, and insists that a reasonable fee should be at least $2,627.92.

> In determining the value of legal services rendered by an attorney, it is proper to consider the amount involved, the nature of the litigation, the time and labor required, the novelty and difficulty of the questions raised and the skill required to properly conduct the case, the responsibility assumed, the care and diligence exhibited, the result of the suit, the character and standing of the attorney, and the customary charges of the bar for similar services. . . . The amount of the allowance generally rests in the sound

discretion of the court.

*Schmer v. Hawkeye-Security Ins. Co.*, 194 Neb. 94, 97, 230 N.W.2d 216, 218 (1975).

The single issue involved in this lawsuit was the amount of damages sustained by plaintiffs' automobile as a result of a windstorm. Applying the criteria cited above, we cannot say that the trial court abused its discretion.

The judgments of the courts below are affirmed.

AFFIRMED.