STATE OF NEBRASKA EX REL. PAUL L. DOUGLAS, ATTORNEY GENERAL, APPELLEE AND CROSS-APPELLANT, V. J.H. SCHROEDER, APPELLANT AND CROSS-APPELLEE.

384 N.W.2d 626

Filed April 4, 1986.    No. 85-673.

Curtis A. Sikyta, for appellant.

Robert M. Spire, Attorney General, and Mark D. Starr, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

CAPORALE, J.

The plaintiff-appellee, State of Nebraska, through its Attorney General, brought an action under the Nebraska Consumer Protection Act, Neb. Rev. Stat. §§ 59-1601 et seq. (Reissue 1984), alleging that defendant-appellant, J.H. Schroeder, made false or misleading statements during the promotion and sale of certain purported trust forms. The State sought to enjoin Schroeder from making such mis-representations and to require him to restore the purchase price to the buyers, to pay civil penalties, and to pay the costs of the action, including a reasonable attorney fee. At an earlier time in the proceedings, the trial court, as a sanction for Schroeder's refusal to comply with a discovery order, struck his answer and permanently enjoined him from making specified misrepresentations. Thereafter, following a nonjury trial on the remaining issues, the trial court reaffirmed its earlier injunction and awarded the State an attorney fee of $3,000 and costs in the sum of $79.50. In this appeal Schroeder assigns as error the trial court's (1) failure to find the act unconstitutional, (2) denial of a jury trial, (3) denial of a continuance, and (4) award of an attorney fee to the State. The State, in its cross-appeal, assigns as error the trial court's failure to order Schroeder to make restoration. We affirm and award an additional attorney fee.

The act, among other things, renders unlawful "unfair" or "deceptive" acts or practices in the conduct of any trade or commerce. § 59-1602. It empowers the Attorney General to bring an action to restrain such conduct and permits the prevailing party to recover, in the discretion of the court, the costs of suit, including a reasonable attorney fee. The trial court may also make such additional orders as may be necessary to restore to any person in interest any money or property which may have been obtained by the unlawful conduct. § 59-1608. The act further provides that, with certain exceptions not involved in this case, one who engages in unlawful conduct shall pay a civil penalty of not more than $2,000 for each violation. § 59-1614.

Schroeder employed unfair and deceptive acts and practices by misrepresentation in connection with the promotion and sale of certain purported trust forms. The claimed trusts, which were to result once the forms were completed, were to reduce or eliminate income taxes by passing one's earned income to the trust and deducting from said income his or her personal living expenses.

In connection with the first assignment of error, Schroeder argues that the entire act is unconstitutional as applied to him, in that it is both overbroad and vague. Yet, he does not tell us what section of which Constitution, that of our nation, that of this sovereign state, or perhaps both, he claims the act violates.

It has long been the rule that this court will not consider a constitutional question in the absence of a specification of the constitutional provision which is claimed to be violated. *Blackledge v. Richards*, 194 Neb. 188, 231 N.W.2d 319 (1975); *Radil v. State*, 182 Neb. 291, 154 N.W.2d 466 (1967); *Metropolitan Utilities Dist. v. City of Omaha*, 171 Neb. 609, 107 N.W.2d 397 (1961); *State v. Bryant*, 94 Neb. 754, 144 N.W. 804 (1913).

Thus, we do not consider the first assignment of error.

The second assignment of error contends that the denial of a jury trial violates both the seventh amendment to the U.S. Constitution and article I, § 6, of the Nebraska Constitution.

The seventh amendment provides: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ." That federal constitutional provision, however, does not apply in state courts. *Minn. & St. Louis R. R. v. Bombolis*, 241 U.S. 211, 36 S. Ct. 595, 60 L. Ed. 961 (1916); *Pearson v. Yewdall*, 95 U.S. 294, 24 L. Ed. 436 (1877); *Woods v. Holy Cross Hospital*, 591 F.2d 1164 (5th Cir. 1979); *Wartman v. Branch 7, Civ. D., Cty. Ct., Milwaukee Cty., Wis.*, 510 F.2d 130 (7th Cir. 1975).

Thus, we concern ourselves only with article I, § 6, of the Constitution of Nebraska and the relevant statutory and case law.

Article I, § 6, provides: "The right of trial by jury shall remain inviolate . . . ." Our cases state that the purpose of that constitutional provision is to preserve the right to a jury trial as

it existed at common law and under the statutes in force when the Constitution was adopted. *State v. Young*, 194 Neb. 544, 234 N.W.2d 196 (1975); *Schroeder v. Oeltjen*, 184 Neb. 8, 165 N.W.2d 81 (1969); *State v. Hauser*, 137 Neb. 138, 288 N.W. 518 (1939).

Our Constitution was adopted in 1875, 99 years prior to enactment of the Consumer Protection Act. 1974 Neb. Laws, L.B. 1028. However, Neb. Rev. Stat. § 25-1104 (Reissue 1979) provides that "[i]ssues of fact arising in actions for the recovery of money . . . shall be tried by a jury . . ." unless waived or referred to a referee. Traditionally, this court has denied jury trials in equitable actions, *Kuhlman v. Cargile*, 200 Neb. 150, 262 N.W.2d 454 (1978), *State Securities Co. v. Corkle*, 191 Neb. 578, 216 N.W.2d 879 (1974), and *Sharmer v. McIntosh*, 43 Neb. 509, 61 N.W. 727 (1895), and provided them as a matter of right in legal actions, *Long v. Magnolia Petroleum Co.*, 166 Neb. 410, 89 N.W.2d 245 (1958), and *Lett v. Hammond*, 59 Neb. 339, 80 N.W. 1042 (1899).

The task thus becomes one of determining whether the act is of an equitable or of a legal nature.

*Nei v. Burley*, 388 Mass. 307, 446 N.E.2d 674 (1983), and *Kugler v. Market Dev. Corp.*, 124 N.J. Super. 314, 306 A.2d 489 (1973), both involved questions of the right to a jury trial under consumer protection acts. Both courts held there was no such right. In *Nei* the applicable act originally provided that a consumer could bring an action "in equity" for damages and such equitable relief as the court deems necessary. After the procedural merger of law and equity, the Legislature struck the words "in equity." The court, in reaching its decision, stated the "elimination of the words 'in equity' does not conclusively or even persuasively remove the equitable nature of consumer actions." 388 Mass. at 314, 446 N.E.2d at 678.

The court in *Kugler* summarily disposed of the jury trial issue, stating, "The present cause of action and right to seek redress are foreign to the common law, being modern day creations of the Legislature for the relief and cure of a current mischief." 124 N.J. Super. at 319, 306 A.2d at 492.

While the act permits the recovery of an attorney fee, restoration of the purchase price, and the imposition of civil

penalties, its principal thrust is to prevent unfair or deceptive acts or practices in trade or commerce. Consequently, the act is equitable in nature, in the sense that it seeks to prevent prejudicial conduct rather than merely compensate such damage as may flow therefrom. The monetary consequences imposed to discourage future like acts and practices are ancillary to the act's principal equitable thrust.

We conclude, therefore, that the trial court was correct in denying Schroeder a jury trial.

In the third assignment of error Schroeder complains that he was denied a trial continuance. The June 22, 1984, trial date was set on May 16, 1984. On June 19 Schroeder moved for a continuance and moved for a court-appointed attorney on the very day of trial. His motion for a court-appointed attorney recites that his retained counsel had filed a motion to withdraw "some time ago." The trial court overruled the motion for a continuance, as well as the motion for appointment of counsel. While the trial court did not grant retained counsel leave to withdraw, Schroeder proceeded to trial without him.

The trial was not completed on the day it commenced and, consequently, was ultimately continued to and completed on October 26, 1984, by which time Schroeder had obtained the services of his present attorney.

Schroeder's own recitation that his first retained counsel sought to withdraw "some time" before the scheduled trial date indicates that Schroeder had ample opportunity to obtain the services of another attorney had he so wished. See *State v. Richter*, 221 Neb. 487, 378 N.W.2d 175 (1985). Moreover, Schroeder's first retained counsel was not permitted to withdraw. The record does not tell us why that attorney did not participate at the first day of trial.

A motion for continuance is addressed to the sound discretion of the trial court, and the trial court's ruling on such a motion will not be disturbed on appeal in the absence of an abuse of that discretion. *First Nat. Bank v. Schroeder, ante* p. 330, 383 N.W.2d 755 (1986); *State v. Richter, supra.* An abuse of discretion takes place where the trial court's reasons or rulings are clearly untenable and unfairly deprive a litigant of a substantial right and a just result. *Bump v. Firemens Ins. Co.*,

221 Neb. 678, 380 N.W.2d 268 (1986).

Under the circumstances it cannot be said that the trial court abused its discretion in denying Schroeder a continuance of the commencement of trial.

In the fourth and last assignment of error, Schroeder argues the trial court erred in awarding the State an attorney fee, both because, since the court did not order restoration, he was at least a partial winner and because there was no evidence as to the amount of time the Attorney General spent on the case.

It is true, as noted earlier, that § 59-1608 states that "the prevailing party" may, in the discretion of the court, recover reasonable attorney fees. It is also true that the State was unsuccessful in its effort to obtain restoration of the purchase price to the buyers. Nonetheless, the State did obtain an injunction which prohibits Schroeder from engaging in certain specified unfair and deceptive acts and practices. That is not an insignificant success. There is no requirement that the State obtain all the relief it sought. Thus, the State was the prevailing party, and whether to award an attorney fee was a question within the discretion of the trial court.

As to the argument that the State adduced no evidence concerning the amount of time the Attorney General spent on the case, under the circumstances nothing more than the record in the case itself was needed.

The record clearly demonstrates that this has been a protracted, hotly contested, and complicated piece of litigation which the Attorney General prepared diligently and handled with great skill. The case involved substantial pretrial preparation and courtwork, both in the trial court and in this court. See *State ex rel. Douglas v. Schroeder*, 212 Neb. 562, 324 N.W.2d 391 (1982). Its trial took place on 2 separate days over a period of 4 months.

Notwithstanding the absence of time records, *Lane v. State Farm Mut. Automobile Ins. Co.*, 209 Neb. 396, 308 N.W.2d 503 (1981), affirmed a $5,000 attorney fee under the provisions of Neb. Rev. Stat. § 44-359 (Reissue 1984) in a suit against an insurer. In so ruling this court noted the record in the case revealed that counsel had conducted the litigation with great skill, diligence, and ability. We have also approved attorney fees

in dissolution cases notwithstanding the fact there was no showing of the time spent. *Applegate v. Applegate*, 219 Neb. 532, 365 N.W.2d 394 (1985); *Barber v. Barber*, 207 Neb. 101, 296 N.W.2d 463 (1980).

In both insurance policy cases, *Smith v. Union Ins. Co.*, 218 Neb. 797, 359 N.W.2d 113 (1984), *Lane v. State Farm Mut. Automobile Ins. Co., supra*, and *Schmer v. Hawkeye-Security Ins. Co.*, 194 Neb. 94, 230 N.W.2d 216 (1975), and dissolution cases, *Lainson v. Lainson*, 219 Neb. 170, 362 N.W.2d 53 (1985), and *Guggenmos v. Guggenmos*, 218 Neb. 746, 359 N.W.2d 87 (1984), we have said the amount of an attorney fee rests in the sound discretion of the trial court and that this court will only interfere where the allowance is clearly excessive or insufficient.

We consider the matter of an attorney fee under the act to be analogous and find no abuse of discretion in the amount of the fee awarded the State.

In its cross-appeal the State assigns as error the trial court's failure to order restoration of the purchase price to buyers of the forms in question.

Section 59-1608(2) provides that the court "*may* make such additional orders or judgments as may be necessary to restore to any person in interest any money" which may have been acquired by means of any prohibited act. (Emphasis supplied.) Generally, the word "may" in a statute will be given its ordinary, permissive, and discretionary meaning unless it can be shown that the intent of the drafters would be defeated by the application of such a meaning. *Buhrmann v. Sellentin*, 218 Neb. 288, 352 N.W.2d 907 (1984); *State v. Noll*, 171 Neb. 831, 108 N.W.2d 108 (1961); *County of Keith v. Triska*, 168 Neb. 1, 95 N.W.2d 350 (1959).

As our earlier discussion reveals, restoration of the purchase money is ancillary to the primary thrust of the act. Thus, it cannot be said that the use of the word "may," defined in its ordinary, permissive, and discretionary sense, defeats the object of the act.

The evidence is that the buyers' checks went to a corporation which then paid Schroeder commissions, the amounts of which are not shown. While it would not have been an abuse of discretion to order restoration under those circumstances,

neither can it be said there was an abuse of discretion in not ordering restoration.

For the reasons above stated the judgment of the trial court is affirmed.

The State is awarded an attorney fee of $1,500 for services rendered to it by the Attorney General in this court.

AFFIRMED.