**INTEROCEAN SHIPS, INC., a Delaware corporation, Plaintiff**

**v.**

**SAMOA GASES, a corporation, Defendant**

High Court of American Samoa
Trial Division

CA No. 123-85

September 20, 1996

Before RICHMOND, Associate Justice, and TAUANU`U, Chief Associate Judge.

Counsel:    For Plaintiff, William Reardon
            For Defendant, Roy J.D. Hall, Jr.

Order Denying Motion for Reconsideration:

## I. INTRODUCTION

On May 2, 1994, we issued a decision finding defendant Samoa Gases liable in a products liability case in the amount of $47,455.96 plus 6% post-judgment interest. On June 21, 1995, Samoa Gases paid $51,963.69 to the court registry to satisfy the judgment, and that amount was later forwarded to plaintiff Interocean Ships, Inc. ("Interocean"). On October 23, 1995, Interocean made a motion in aid of judgment, because it had been unable to cash the checks that had been issued to it. The reason it could not cash the checks, based upon information from its off-island counsel, was that

170

Interocean had merged into a different corporation.

The motion in aid of judgment was the first time it was brought to our attention that, during the course of the proceedings, the plaintiff corporation had ceased to exist due to its merger into a new corporation.[1] We were aware that, under the common law, when a corporation ceases to exist, it loses its capacity to sue. We were also aware that American Samoa had no statute that explicitly continued the right to sue following a corporate dissolution. If a judgment had been rendered where the corporation had no power to sue, as it arguably had in this case, then the case should have abated and the judgment was void.

On December 4, 1995, we ordered both parties to brief us on the applicable law to determine whether or not the judgment was properly rendered. In that order we asked specific questions dealing with the status of Interocean, conflict of laws, interpretation of the local and foreign corporate statutes, and assignment.

For all practical purposes, both parties failed to brief us in any useful way. Thus, on March 7, 1996, we issued an order stating that, without arguments to the contrary, the common law still applied in American Samoa. Under the common law, the judgment in favor of Interocean was void, and had to be vacated. We ordered Interocean to return the checks issued to it to Samoa Gases.

On March 15, 1996, Interocean moved for reconsideration. The motion came regularly for hearing on April 1, 1996, with counsel for both parties present.

## II. DISCUSSION

### A. New Arguments Will Not Be Considered

We will not consider arguments in a motion for reconsideration or new trial that could have been raised in the original action but were not. *Olotoa v. Bartley,* 3 A.S.R.2d 21, 22 (Land & Titles Div. 1986); *see also Vaimaona v. Tuitasi* (Mem.), 13 A.S.R.2d 76, 82 (Trial Div. 1989). Counsel for Interocean had adequate opportunity to present the legal arguments it now makes in its motion for reconsideration. These arguments are untimely and will not be considered.

---

[1] At the time of our Order Requiring Further Briefing, we believed Interocean had merely dissolved. We later learned that it merged into another corporation. Under the common law, on which this case was decided, this makes no difference.

The only arguments we will consider from Interocean are those arguments prompted by our order vacating the earlier judgment. These are the questions of subject matter jurisdiction, collateral attack, and enforcement of a settlement.

## B. Subject Matter Jurisdiction

■ Interocean points out that we have improperly equated lack of capacity to sue on its part with subject matter jurisdiction. *See Interocean Ships, Inc. v. Samoa Gases*, 29 A.S.R.2d 110 at 112 (Trial Div. 1996) [hereinafter Order Vacating Judgment]. Although this may be true, it does not change the disposition of our order or give Interocean relief therefrom. As a court, we are required to examine the validity of our suits when it comes to our attention that such a suit may be void, for lack of subject matter jurisdiction or otherwise. Thus, in this case, even if we were not examining a question of subject matter jurisdiction, we were still faced with the question of whether our judgment was valid or void. Where it appears that a judgment is void, and a party has moved the court to aid in the enforcement of that judgment, we must examine the validity of the judgment, whether the examination is on subject matter grounds or other grounds, including the lack of capacity to sue.

## C. Collateral Attack

■ Interocean claims that our order vacating judgment is an impermissible collateral attack upon the judgment. Judgments are not generally subject to collateral attack. *See* 46 Am. Jur. 2d *Judgments* § 621, at 781-82 (1969). However, this rule does not apply where the judgment is void. *Id.* at 782. As we discussed in our earlier order, under the common law, a judgment rendered in favor of a corporation that has lost its capacity to sue is void. *See Interocean Ships, Inc. v. Samoa Gases*, 29 A.S.R.2d 110 at 112 (Trial Div. 1995); *Interocean Ships, Inc. v. Samoa Gases*, 29 A.S.R.2d 201 at 207 (Trial Div. 1995). This mirrors the common law rule that a judgment rendered in favor of a plaintiff who died during the suit is void. *See* 46 Am. Jur. 2d *Judgments* § 649, at 807. No rule bars collateral attacks on such judgments. Thus, assuming *arguendo* that our order represented a collateral attack, there is no rule barring it.

---

[3] We are not sure that our order actually represented a collateral attack on the judgment.

> [A]n attack is regarded as direct where the proceeding in which it is made is brought for the purpose of impeaching or overturning the judgment, and as collateral if made in

172

## D. Enforcement of the Settlement

■ Finally, Interocean argues that they have entered into a valid settlement with Samoa Gases and that this court is bound to uphold that settlement. In other words, Interocean argues that our order invalidates the settlement between the parties. As a practical matter, this may be true, but as a legal matter it is absolutely irrelevant. The settlement between the parties is not presently before the court. The only issue before us is whether the judgment entered on Interocean's behalf was valid. It was not. As such, Interocean has no right to enforcement of the judgment, regardless of any settlement they may have entered into with Samoa Gases.

The settlement between the parties is simply a contract between them. *See Omaha Nat'l Bank v. Mullenax*, 320 N.W.2d 755, 760 (Neb. 1982). If Interocean wants to sue Samoa Gases based upon the contract, it may do so, but it has not. Of course, Samoa Gases may have numerous defenses, including mutual mistake. All of those issues are properly considered in an action under the contract.

## E. Policy Considerations

Additionally, Interocean has claimed that, as a matter of policy, our order is problematic. Specifically, they claim that our opinion will allow

> any manner other than by a proceeding the very purpose of which is to impeach or overturn the judgment. Stated affirmatively, this rule is that a collateral attack upon a judgment is an attack made by or in an action or proceeding that has an independent purpose other than the impeaching or overturning of the judgment, although impeaching or overturning the judgment may be necessary to the success of the action. Under this rule, an attack is regarded as collateral where the regularity of the judgment is presented as an incidental issue.

46 AM. JUR. 2D *Judgments* § 631, at 790 (footnotes omitted). "The challenge of the integrity of a judgment in the action wherein the judgment is rendered is regarded as a direct attack upon the judgment." *Id.* § 632, at 791. Thus, motions to vacate, reconsider, amend or modify a judgment are all direct attacks. We are unsure about the nature of a motion in aid of judgment, and have not been briefed on this issue. As we stated, however, the issue is irrelevant since the judgment is void as a matter of law and no rule bars the collateral attack of void judgments.

corporations to avoid debt by dissolving during a lawsuit and will cause foreign corporations to be confused as to their status in American Samoa. This is not the case. Our order vacating judgment is based upon the fact that Interocean did not brief the legal issues that we asked it to brief. We resolved this case under the common law because Interocean did not make an argument that any other law applied. Had counsel for Interocean acted with a modicum of care in submitting its brief, the earlier decision may have come out differently.

This will not affect other corporations in other cases, assuming that they properly brief the issue of the law applicable to their case. Thus, in most cases, we would expect the law of the forum of incorporation to apply under conflict of laws principles. Interocean did not timely make this argument. Similarly, we have not settled the question of how the American Samoa corporations code is to be interpreted on the issue of maintaining a lawsuit following corporate dissolution. Interocean did not timely brief this issue either. We will reach these issues when they are properly placed before us. Until then, corporations need not unnecessarily worry that an anomaly in American Samoa law will keep them from conducting business here.

## III. CONCLUSION

The motion for reconsideration is denied. If it has not already done so, Interocean is ordered to comply with the mandates of the Order Vacating Judgment immediately.

It is so ordered.