166 N.J. Super. 247 (1979)
399 A.2d 679
CARMEN QUINCHIA, PLAINTIFF,
v.
JOHN A. WADDINGTON, DIRECTOR OF MOTOR VEHICLES, STATE OF NEW JERSEY, AND UNSATISFIED CLAIM AND JUDGMENT FUND (DIVISION OF MOTOR VEHICLES OF THE DEPT. OF LAW AND PUBLIC SAFETY), DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided February 26, 1979.
*248 Mr. Francis J. Dooley for plaintiff.
Mr. Ralph J. Padovano for defendants (Messrs. Beattie & Padovano, attorneys).
DREIER, J.S.C.
Defendant Unsatisfied Claim and Judgment Fund (Fund) has requested a jury trial to determine whether plaintiff complied with the notice provisions of N.J.S.A. 39:6-65, incorporated in N.J.S.A. 39:6-86.5. This opinion supplements this court's oral determination rendered January 24, 1979, at which time counsel were informed that a written opinion would follow. Defendant had represented to the court that such requests for a jury trial were standard practice in contested applications for Personal Injury Protection (P.I.P.) benefits.
An applicant for P.I.P. benefits must, pursuant to N.J.S.A. 39:6-86.5, satisfy the provisions of N.J.S.A. 39:6-65. The latter statute requires that a party seeking damages from the Fund must, as a condition precedent to applying for payment, give notice to the Fund of the intention to make a claim. Ordinarily notice must be given within 90 days after the accident; particular extenuating circumstances *249 may warrant extension of the 90-day period. N.J.S.A. 39:6-65(a), (b). No right to a jury trial on the issue of compliance is specifically sanctioned by the statute. There is no reported case addressing the narrow issue of defendant's entitlement to a jury under this notice statute.
Absent legislative mandate, the right of trial by jury is confined to those matters in which it existed under the common law. Montclair v. Stanoyevich, 6 N.J. 479, 484 (1951); Colacurcio Contracting Corp. v. Weiss, 20 N.J. 258, 263 (1955). Neither the New Jersey nor the United States Constitution enlarges or restricts the right to jury trial; rather they preserve the rights existing when the Constitutions were adopted. Colacurcio, id.; Kugler v. Market Dev. Corp., 124 N.J. Super. 314, 319 (Ch. Div. 1973). The Unsatisfied Claim and Judgment Fund, N.J.S.A. 39:6-60 et seq., is a creature of statute. It creates new substantive rights foreign to the common law. Rudnick v. Bentler, 66 N.J. Super. 224, 230 (App. Div. 1961).
In none of the reported cases decided under N.J.S.A. 39:6-65 has the issue of notice been determined by a jury. Rather, dicta in the decisions reflect the settled view that the question is one "properly determinable by the courts." Giacobbe v. Gassert, 51 N.J. Super. 111, 120 (App. Div. 1958). For example, in Szcesny v. Vasquez, 65 N.J. Super. 82 (Law Div. 1960), aff'd 71 N.J. Super. 347 (App. Div. 1962), the court determined the notice issue after a jury trial on the merits. Since the enactment in 1952 of N.J.S.A. 39:6-65 there has been no contrary interpretation.
This court holds that the issue of compliance with N.J.S.A. 39:6-65 is to be determined by the court and not by a jury. Plaintiff's attorney has properly defined this ruling as interlocutory; this issue is thus preserved for purposes of any eventual appeal.[1]
NOTES
[1] After determination of the above issue of law, this court determined that plaintiff was physically incapable of giving notice within the 90 days required by the statute, and that plaintiff's subsequent notice was timely.