210 N.J. Super. 664 (1986)
510 A.2d 329
NEW JERSEY SPORTS AND EXPOSITION AUTHORITY, A PUBLIC BODY, CORPORATE AND POLITIC, SUCCESSOR TO MONMOUTH PARK JOCKEY CLUB, A NEW JERSEY CORPORATION, PLAINTIFF,
v.
DANIEL J. DEL TUFO AND CAROL DEL TUFO, DEFENDANTS.
Superior Court of New Jersey, Law Division Monmouth County.
Decided March 27, 1986.
*666 Nicholas W. McClear for plaintiff (Wilentz, Goldman & Spitzer, attorneys).
Clarkson S. Fisher, Jr. for defendants (Evans, Osborne & Kreizman, attorneys).
MILBERG, A.J.S.C.
This is a motion by plaintiff, New Jersey Sports and Exposition Authority (hereinafter "Authority"), to strike the jury demand of defendants in this action to determine the fair value of defendants' shares as dissenters from a plan of merger, pursuant to N.J.S.A. 14A:11-1 et seq. The Authority also seeks costs and attorneys' fees incurred in pursuing this motion.
The Authority views this matter as a statutory action not existing at common law and thus not subject to the right to a jury trial.
Defendants assert that the claim is akin to an action for breach of contract wherein a legal remedy  money  is sought, which at common law would give them the right to a trial by jury. Defendants, in the alternative, request an advisory jury pursuant to R. 4:35-2.
The nature of this case is simple. Defendants, as shareholders who dissented from the plan of merger, exercised their right to compel the Authority to commence this action to determine the fair value of their shares. N.J.S.A. 14A:11-7(1). The Authority complied and seeks in this action a determination that the fair value is $58 a share. Defendants have answered the complaint and seek judgment fixing the fair value of the shares. In the answer, Defendants have demanded a jury trial on all issues.
Article I, paragraph 9, of the New Jersey Constitution of 1947 states: "The right of a trial by jury shall remain inviolate." This provision guarantees a jury trial only to the extent that the right existed at the time of the adoption of the *667 1947 constitution. In re Livolsi, 85 N.J. 576, 587 (1981). The Seventh Amendment's guarantee of a jury trial in civil cases is not incorporated into the Fourteenth Amendment and is therefore not applicable to the states. Id. at n. 7.
Defendants must therefore establish that before 1947, dissenters from corporate mergers had a right to a jury trial in actions to fix fair value for their stock.
Initially, I disagree with the Authority's argument that this case is like a condemnation action in which there is no right to a jury trial apart from the statute. See Port of New York Authority v. Heming, 34 N.J. 144, 152 (1961). The former highest court of this State recognized long ago that a dissenter's action does not partake of the nature of a proceeding for the condemnation of property. See N.J. & Hudson River Railway Co. v. American Electrical Works, 82 N.J.L. 391, 396 (E. & A. 1911).
Indeed, in the cited case, the Court of Errors and Appeals considered a dissenter's action to be in the nature of an action on the contract; that is, it grows out of the merger agreement of the companies concerned and, furthermore, may be read into the contract of incorporation of each company because it is contained in the act under which they were organized. Id. at 397. To be sure, the plan of merger in this case provided for dissenters' rights under the statute  the provisions of the statute became a part of the contract. Ibid.; see also In re Janssen Dairy Corp., 2 N.J. Super. 580, 585 (Law Div. 1949).
Notwithstanding the contractual nature of the action, the dissenter's rights stem from the statute itself  a dissenter's action "is not like an ordinary action at law." N.J. & Hudson River Ry. Co., supra, 82 N.J.L. at 398.
At common law the consent of all shareholders was necessary to effect corporate mergers; hence, one stockholder could always block a merger at his whim. See Dermody v. Sticco, 191 N.J. Super. 192, 194 (Ch.Div. 1983). Today, by statute, a merger requires only a majority or two-thirds of the shareholders *668 for approval, depending on when the corporation was organized. Ibid.; N.J.S.A. 14A:10-3. The present situation is designed to protect majorities from arbitrary minorities. Dermody, supra, 191 N.J. Super. at 194. The trade-off is that the dissenters must be paid "fair value":
In effect, the parent corporation is authorized to buy out the minority shareholders of the corporation to be merged by converting their shares into cash whether they want to sell or not. N.J.S.A. 14A:10-2(2)(b) and (c). The only limitation is that they must be paid "fair value" for their shares. [Ibid.]
Thus, the statute in question, first enacted in 1896, creates a novel proceeding and new rights. While the nature of this action may be contractual in that dissenters' rights are incorporated or read into every merger agreement, the rights are a statutory creation nonetheless. The entire section dealing with rights of dissenting shareholders, N.J.S.A. 14A:11-1, et seq. sets up mandatory time limitations and duties of the corporation, as well as the steps to be taken to compensate the dissenters. Cf. Manetti v. Prudential Property & Cas. Ins. Co., 196 N.J. Super. 317, 320-321 (App.Div. 1984) (There is no right to trial by jury in an action to recover PIP benefits; while a PIP action has been considered contractual in nature, it is a statutory action in view of the mandatory requirements of the PIP statute.).
I conclude, therefore, that the present proceeding should not be considered contractual but should be characterized as statutory. Indeed, it has been stated that the proceeding is a special one, in which the court sits "as a special statutory tribunal only, and not by reason of any constitutional or inherited common-law jurisdiction." Janssen Dairy Corp., supra, 2 N.J. Super. at 584.
I find that there is no right to a jury trial in a dissenter's proceeding to fix the fair value of his shares. The motion to strike the defendants' jury demand is granted.
The request for an advisory jury on the issue of fair value is denied. The dissenter's proceeding is designed to provide a simple and expeditious remedy for a dissenting stockholder. *669 See Jaquith & Co. v. Island Creek Coal Co., 88 N.J. Super. 244, 250 (Ch.Div. 1965), aff'd 47 N.J. 111 (1966). An advisory jury would not serve expedience.
Finally, I will not allow costs and attorneys' fees to the Authority for bringing this motion. The issue on this motion is not a settled question in this State; defendants had every right to raise it. They should not be penalized with the payment of costs.