238 N.J. Super. 603 (1990)
570 A.2d 479
JOSEPH P. ABBAMONT, JR., PLAINTIFF-RESPONDENT,
v.
PISCATAWAY TOWNSHIP BOARD OF EDUCATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 31, 1990.
Decided February 22, 1990.
Before Judges GAULKIN, SCALERA and D'ANNUNZIO.
David B. Rubin argued the cause for appellant (Rubin, Rubin, Malgran & Kuhn, attorneys).
Glen D. Savits argued the cause for respondent (Wilentz, Goldman & Spitzer, attorneys).
*604 PER CURIAM.
Plaintiff, a non-tenured industrial arts teacher, brought this action pursuant to the Conscientious Employee Protection Act (CEPA), N.J.S.A. 34:19-1 et seq., after defendant terminated his employment. His complaint demanded a jury trial. Defendant moved unsuccessfully to strike that demand. We granted defendant's motion for leave to appeal and now reverse.
We regard Shaner v. Horizon Bancorp., 116 N.J. 433, 561 A.2d 1130 (1989) to be controlling. Shaner found neither statutory authorization nor any constitutional requirement for jury trial of claims brought under the Law Against Discrimination (LAD), N.J.S.A. 10:5-1 et seq. The Court based its holding on a number of considerations, including that an LAD action is "more in the nature of an equitable than a legal cause of action" (Shaner, 116 N.J. at 441, 561 A.2d 1130), that the absence of any reference in the LAD to jury trial is "highly indicative of legislative intent not to confer such a right" (id. at 443, 561 A.2d 1130), that available relief under the LAD "is predominantly equitable in nature" and that LAD claims "do not supplant claims that might be cognizable by our courts in contract or tort." Id. at 453, 561 A.2d 1130.
Those considerations are equally applicable here. CEPA makes no reference to jury trial at all. The relief available under CEPA, as set forth in N.J.S.A. 34:19-5, is predominantly equitable in nature:
a. An injunction to restrain continued violation of this act;
b. The reinstatement of the employee to the same position held before the retaliatory action, or to an equivalent position;
c. The reinstatement of full fringe benefits and seniority rights;
d. The compensation for lost wages, benefits and other remuneration;
e. The payment by the employer of reasonable costs, and attorney's fees;
f. Punitive damages; or
g. An assessment of a civil fine of not more than $1,000.00 for the first violation of the act and not more than $5,000.00 for each subsequent violation, which shall be paid to the State Treasurer for deposit in the General Fund.
*605 And, as specifically provided in N.J.S.A. 34:19-8, CEPA does not supplant any common law causes of action:
Nothing in this act shall be deemed to diminish the rights, privileges, or remedies of any employee under any other federal or State law or regulation or under any collective bargaining agreement or employment contract; except that the institution of an action in accordance with this act shall be deemed a waiver of the rights and remedies available under any other contract, collective bargaining agreement, State law, rule or regulation or under the common law.
Shaner also reasoned in part that the LAD judicial cause of action "augments the administrative remedy" (Shaner, 116 N.J. at 455, 561 A.2d 1130), that the Division of Civil Rights "is empowered to invoke comprehensive remedies that are commensurate with the [LAD's] overarching purpose" (id. at 438, 561 A.2d 1130) and that the relief available in LAD judicial actions "is wholly comparable to and is at least as broad and far-reaching as that which is available in administrative actions under the LAD." Id. at 446, 561 A.2d 1130. The judicial cause of action provided by CEPA does not augment or parallel any administrative remedy. But that distinction does not render Shaner inapplicable. CEPA, like LAD, establishes a judicial cause of action, essentially equitable in nature, to vindicate wrongs suffered by individuals as a result of legislatively-proscribed acts. That statutory cause of action is separate and distinct from common law causes of action. See Pierce v. Ortho Pharmaceutical Corp., 84 N.J. 58, 417 A.2d 505 (1980). The fact that no administrative procedure is established to enforce CEPA provides no rational basis for concluding that jury trial of CEPA claims is statutorily authorized or constitutionally required.[1]
The order denying defendant's motion to strike the jury demand is reversed. The matter is remanded to the Law *606 Division for all further proceedings.[2]
NOTES
[1] We note the pendency in the State Senate of two bills (S-466 and S-2234) which would provide for jury trial of "the validity of any claim" under both CEPA and LAD; the statement attached to each bill asserts that "[t]he reasoning of Shaner would also bar jury trials for an employee who brings a claim based on a violation of [CEPA]."
[2] Earlier in the trial court proceedings defendant unsuccessfully moved to transfer the case to the Commissioner of Education; no motion for leave to appeal was made. Neither our consideration of the jury trial issue nor our remand to the Law Division should be construed as a determination that jurisdiction of this matter is properly in the Law Division.