FAIRBANKS NORTH STAR BOROUGH
SCHOOL DISTRICT, Petitioner,

v.

Rodney DUNCAN, Respondent.

No. S–5975.

Supreme Court of Alaska.

Aug. 5, 1994.

Joan E. Rohlf, Guess & Rudd, Anchorage, for petitioner.

Robert B. Groseclose, A. René Broker, Cook Schuhmann & Groseclose, Fairbanks, for respondent.

Before MOORE, C.J., and MATTHEWS, COMPTON and EASTAUGH, JJ.

*OPINION*

PER CURIAM.

 On petition for review by the Fairbanks North Star Borough School District, the superior court's ruling that a tenured school teacher is entitled to a jury trial in an action under AS 14.20.205 for review of his dismissal is reversed. The right of trial by jury in Alaska "is preserved to the same extent as it existed at common law." Alaska Const. art. I, § 16. No right to trial by jury attaches to an action for a statutory remedy unless the statute so provides or the statutory remedy is a codification of a common law remedy. *Diedrich v. City of Ketchikan*, 805 P.2d 362, 367 (Alaska 1991).[1]

Trial de novo on appeal from an adverse school board decision is a statutory right, created by AS 14.20.205. This section does not provide explicitly for a right to trial by jury. Nor does the term "trial de novo" itself imply such a right. In addition, teachers in Alaska do not have any common law right to sue their employers for wrongful termination. At the time of Statehood, when the Alaska Constitution became operative, a discharged teacher was limited to administrative remedies. *See* ch. 71 SLA 1957, repealed § 5 ch. 92 SLA 1960. As a right to trial by jury is neither provided for by AS 14.20.205 nor constitutionally required, the superior court erred by refusing to strike Duncan's request for a jury trial. Its decision is REVERSED.

---

1. *See also, e.g., Skinner v. Angliker*, 211 Conn. 370, 559 A.2d 701, 703 (1989) (right to jury trial extends to statutory proceedings if issues were triable to jury prior to enactment of constitutional provision); *Abbamont v. Piscataway Township Bd. of Educ.*, 238 N.J.Super. 603, 570 A.2d 479, 480–81 (1990) (teacher not entitled to jury trial where statute does not provide right and the "statutory cause of action is separate and distinct from common law causes of action"); *Murphy v.* *Cartex Corp.*, 377 Pa.Super. 181, 546 A.2d 1217, 1222 (1988) ("Jury trials are not available in proceedings created by statute unless the proceeding has a common law basis or unless the statute expressly or impliedly so provides."); *Jensen v. State Tax Comm'n*, 835 P.2d 965, 969 (Utah 1992) (no right to jury trial where procedures "are solely creatures of statute and were not cognizable as civil actions at common law.").