746 A.2d 997

JOSEPH P. ABBAMONT, JR., PLAINTIFF–RESPONDENT, v. PISCATAWAY TOWNSHIP BOARD OF EDUCATION, DEFENDANT–APPELLANT.

Argued October 12, 1999—Decided December 16, 1999.

*David B. Rubin,* argued the cause for appellant.

*Frank M. Ciuffani,* argued the cause for respondent (*Wilentz Goldman & Spitzer,* attorneys; *Mr. Ciuffani* and *Christopher W. Hager,* on the brief).

*Richard A. Friedman,* argued the cause for *amicus curiae,* New Jersey Education Association (*Zazzali, Zazzali, Fagella & Nowak,* attorneys).

PER CURIAM.

We affirm the judgment of the Appellate Division substantially for the reasons set forth in Judge Skillman's opinion below, 314 *N.J.Super.* 293, 300–03, 714 *A.2d* 958 (1998). Judge Skillman concluded that this Court's affirmance of *Abbamont v. Piscataway Township Board of Education,* 238 *N.J.Super.* 603, 570 *A.2d* 479 (App.Div.1990), by an equally divided Court on the question whether a punitive damage claim under the Conscientious Employee Protection Act (CEPA), *N.J.S.A.* 34:19–1 to –8, may be maintained against a public entity, 138 *N.J.* 405, 650 *A.2d* 958 (1994), (*Abbamont I* ), constituted the controlling law under the "law of the case" doctrine, and therefore was binding on the lower courts in this case. 314 *N.J.Super.* at 301–303, 714 *A.2d* 958.

Having so recently addressed in *Cavuoti v. New Jersey Transit Corp.,* 161 *N.J.* 107, 735 *A.2d* 548 (1999), the question whether a public entity may be liable for punitive damages under the New Jersey Law Against Discrimination (LAD), *N.J.S.A.* 10:5–1 to –49, we decline at this time to revisit the issue raised in *Abbamont I*

whether a public entity may be liable under CEPA for punitive damages.

VERNIERO, J., concurring.

I join the Court in affirming the judgment of the Appellate Division on the narrow question involving the "law of the case" doctrine. I write separately to emphasize that under that doctrine, the Court's opinion in *Abbamont v. Piscataway Township Bd. of Educ.*, 138 *N.J.* 405, 650 *A.*2d 958 (1994) (*Abbamont I* ), would have no precedential weight in subsequent cases involving the underlying issue of whether punitive damages are available against public entities under the Conscientious Employee Protection Act (CEPA), *N.J.S.A.* 34:19–1 to –8. *Abbamont*, 314 *N.J.Super.* 293, 301, 714 *A.*2d 958 (App.Div.1998).

In my view, the Legislature did not clearly express its intention to subject public entities to liability for punitive damages under CEPA. As Justice Pollock stated in *Abbamont I*, "[t]he best solution would be for the Legislature to revisit the issue and resolve it definitively." 138 *N.J.* at 436, 650 *A.*2d 958 (Pollock, J., concurring and dissenting).

Chief Justice PORITZ and Justice GARIBALDI join in this concurring opinion.

*For affirmance*—Chief Justice PORITZ and Justices O'HERN, GARIBALDI, STEIN, COLEMAN, LONG and VERNIERO—7.

*Opposed*—None.