810 A.2d 564 (2001)
355 N.J. Super. 315
STATE of New Jersey, Plaintiff-Appellant,
v.
Jettie D. SAILOR, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued December 10, 2001.
Decided December 28, 2001.
*565 Raymond R. Chance argued the cause for appellant (John J. Farmer, Jr., Attorney General, attorney for appellant; Patrick DeAlmeida, Deputy Attorney General, of counsel; James D. Padgett, Deputy Attorney General, on the brief).
Jeffrey L. Weinstein argued the cause for respondent.
Before Judges BRAITHWAITE, COBURN and WEISSBARD.
The opinion of the court was delivered by BRAITHWAITE, J.A.D.
The issue presented by this appeal is whether defendant Jettie D. Sailor has a right to a jury trial in a civil action brought by plaintiff State of New Jersey ("State"), pursuant to the New Jersey Insurance Fraud Prevention Act ("Act"), N.J.S.A. 17:33A-1 to -30, seeking, among other things, imposition of a civil penalty, restitution and costs and counsel fees from defendant. The State appeals by leave granted from the denial of its motion seeking to strike defendant's demand for a jury trial. The State's motion for reconsideration was also denied. It argues that there is no right to a jury trial under the Act and a right to a jury trial for this type of proceeding did not exist at common law. We agree with the State and now reverse.

*566 I
The State filed suit against defendant under the Act on July 10, 2000. It amended its complaint on January 18, 2001. The complaint alleges that at all relevant times, defendant, who owned a 1984 Porsche automobile, insured by Allstate Insurance Company ("Allstate"), resided at Runnemede Village, Apartment 6B, New Hope, Pennsylvania. It further asserts that on or about September 30, 1993, defendant submitted an application for automobile coverage with Allstate on which he listed his principal residence as 25 Alden Avenue, Trenton, New Jersey.
On January 18, 1997, defendant was involved in a motor vehicle accident while operating the vehicle in New York City. The same day, he filed a Motor Vehicle Accident Report with the Port Authority of New York and New Jersey that stated his address was the one in Trenton. On January 20, 1997, defendant reported to Allstate that the vehicle had been damaged as a result of the accident in New York City. The complaint alleges that the statements defendant made to Allstate on January 20, 1997, in support of his claim for benefits, contained false or misleading information in regard to his address, thus violating the Act.
On January 20, 1997, defendant was involved in another motor vehicle accident with his Porsche in New Hope, Pennsylvania with Sharyn Llewellyn. On January 26, 1997, defendant filed a supplemental police report with the New Hope Police Department that listed his address as the one in Trenton. Defendant later gave a written statement to Allstate regarding this accident in which he again stated that his address was in Trenton. On February 22, 2000, Allstate paid $13,000 to Sharyn Llewellyn for injuries she suffered as a result of the January 20, 1997, motor vehicle accident.
The State alleges that defendant violated N.J.S.A. 17:33A-4a by knowingly presenting or causing to be presented the above described false information to Allstate. It seeks the imposition of civil penalties pursuant to N.J.S.A. 17:33A-5a, restitution to Allstate for $13,000 for the claim paid on defendant's behalf, costs and counsel fees and suspension of defendant's driving privileges for one year pursuant to N.J.S.A. 39:6A-15.

II
Enacted in 1983, the Act is a comprehensive statute designed to help remedy high insurance premiums which the Legislature deemed to be a significant problem. The purpose of the Act recognizes this and states:
The purpose of this act is to confront aggressively the problem of insurance fraud in New Jersey by facilitating the detection of insurance fraud, eliminating the occurrence of such fraud through the development of fraud prevention programs, requiring the restitution of fraudulently obtained insurance benefits, and reducing the amount of premium dollars used to pay fraudulent claims.

[N.J.S.A. 17:33A-2]
In 1992, our Supreme Court recognized that "[i]nsurance fraud is a problem of massive proportions that currently results in substantial and unnecessary costs to the general public in the form of increased rates." Merin v. Maglaki, 126 N.J. 430, 436, 599 A.2d 1256 (1992). "In fact, approximately ten to fifteen percent of all insurance claims involve fraud." Ibid.
As noted, the issue presented on appeal is whether defendant has a right to a jury trial when the State brings an action pursuant to the Act. The State argues that the motion judge erred in determining that individuals subject to a civil penalty *567 enforcement action for insurance fraud are entitled to a jury trial. It contends that the right to a jury trial depends upon whether the right was established in the Act or whether the cause of action existed at common law at the time the State Constitution was adopted. Defendant argues that, since the remedy being sought is damages, he is entitled to a jury trial.
"A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty v. Manalapan Twp. Comm., 140 N.J. 366, 378, 658 A.2d 1230 (1995). We must, therefore, review this issue de novo.
The provision preserving the right to a trial by jury has appeared in each of New Jersey's Constitutions. Shaner v. Horizon Bancorp, 116 N.J. 433, 447, 561 A.2d 1130 (1989). In construing this provision, the Court has consistently denied a jury trial unless it existed at common law prior to the adoption of the State Constitution.[1]Ibid. Additionally, since 1951, the right to a jury trial for newly created statutory causes of action has been denied unless the statute so provides. Montclair v. Stanoyevich, 6 N.J. 479, 494, 79 A.2d 288 (1951); Shaner, supra, 116 N.J. at 448, 561 A.2d 1130.
Several reported decisions from our court persuade us that defendant has no right to a jury trial under the Act. Illustratively, in N.J. Sports & Exposition Auth. v. Del Tufo, 210 N.J.Super. 664, 510 A.2d 329 (Law Div.1986), aff'd, 230 N.J.Super. 616, 554 A.2d 878 (App.Div.1989), we held that there was no right to a jury trial in a stockholder's action to determine the fair value of shares since the proceeding was statutory and the dissenter's rights arose from the statute itself.
In Manetti v. Prudential Prop. & Cas. Co., 196 N.J.Super. 317, 482 A.2d 520 (App.Div.1984), we held that there was no right to a jury trial in an action to recover personal injury protection benefits because the benefits were created under the New Jersey Automobile Reparation Reform Act, N.J.S.A. 39:6A-1 to -35.
In Quinchia v. Waddington, 166 N.J.Super. 247, 399 A.2d 679 (Law.Div.1979), again we held that there was no right to a jury trial in a claim against the Unsatisfied Claim and Judgment Fund, since the Fund was a creature of statute and created new rights foreign to the common law.
Even more akin to the Act, which provides for civil penalties, are the Spill Compensation Control Act, N.J.S.A. 58:10-23.11, and the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 to -20, which also create civil penalty enforcement actions. In GEI Int'l Corp. v. St. Paul Fire and Marine Ins. Co., 287 N.J.Super. 385, 671 A.2d 171 (App.Div.1996), we held that there was no right to a jury trial under the Spill Act since it was a newly created statutory right and "the Legislature by its enactment did not codify nor could it have codified a common law right that did not pre-exist." Id. at 392, 671 A.2d 171. Similarly, in Kugler v. Market Dev. Corp., 124 N.J.Super. 314, 306 A.2d 489 (Ch.Div.1973), we held that in a suit by the Attorney General for violations of the Consumer Fraud Act, there was no right to a jury trial since the cause of action was "foreign to the common law, being [a] modern day *568 creation[] of the Legislature for the relief and cure of a current mischief." Id. at 319, 306 A.2d 489.
The Act shares crucial characteristics with each of the statutes addressed in the above cases. It is a legislative initiative that does not expressly provide for a jury trial, it encompasses a cause of action that did not exist at common law and it remedies a mischief through civil penalty enforcement actions.
When the Legislature wants to provide for the right to a jury trial, it has done so by express provision. See e.g., N.J.S.A. 2A:15-56 (labor dispute injunctions); N.J.S.A. 2A:62-4 (quiet title actions); N.J.S.A. 3B:12-24 (civil proceedings for mental incompetency); N.J.S.A. 45:14B-42 (actions regarding confidentiality of patient information). We conclude that the lack of provision authorizing a jury trial under the Act means that the Legislature did not intend to create such a right.
Further, it is clear that the Legislature is fully aware of how to create the statutory right to jury trial after legislation has been enacted. In Abbamont v. Piscataway Twp. Bd. of Educ., 238 N.J.Super. 603, 570 A.2d 479 (App.Div.1990), we held there was no right to a jury trial under the Conscientious Employee Protection Act (CEPA), N.J.S.A. 34:19-1 to -8, because the statute contained no express provision and the cause of action was separate and distinct from common law actions. Following Abbamont, however, in 1990, the Legislature amended the CEPA statute to provide for a jury trial upon the application of any party. N.J.S.A. 34:19-5. Had the Legislature intended to create the same right here, it would have done so and clearly had the chance when the Act was last amended in 1997. Its absence means that there is no statutory right to a jury trial.
Turning to whether defendant has a right to a jury in a civil trial, that right is only guaranteed for causes of action at law, not at equity. Muise v. GPU, Inc., 332 N.J.Super. 140, 168, 753 A.2d 116 (App.Div.2000). "Even among causes at law, it is limited to those for which the common law provided such a right at the time `when the New Jersey Constitution was adopted.'" Ibid. (quoting State v. Anderson, 127 N.J. 191, 207, 603 A.2d 928 (1992)). In determining whether the right to a civil jury trial exists, "our courts look to the nature of the most appropriate remedy, not the nature of the cause of action." Id. at 169, 753 A.2d 116.
The State argues that here, as in all cases brought by it pursuant to the Act, the remedies are equitable. The State is seeking civil penalties for defendant's alleged violations of the Act, restitution of $13,000 to Allstate that it paid on defendant's behalf, and attorney's fees and costs.
Defendant argues that the State is essentially seeking "damages" and that damages are distinctly legal in nature and entitle him to a jury trial. Defendant cites numerous cases to support this proposition. His reliance on those cases is misplaced. The cases all involve common law causes of action and the award of traditional damages, such as contract and tort damages, which is unlike the relief sought by the State under the Act.
The remedies that the State seeks are equitable. In Merin, supra, the Court noted that the trial court has the discretion to fix the specific amount of the penalty, as there are no fixed mandatory penalties established by the statute. 126 N.J. at 439, 599 A.2d 1256. The United States Supreme Court recognized that when a trial court has the discretion to invoke a remedy based upon a legislative design, that discretion is equitable in nature. Albemarle *569 Paper Co. v. Moody, 422 U.S. 405, 416, 95 S.Ct. 2362, 2371, 45 L.Ed.2d 280, 296 (1975).
Here, the penalties are "not to exceed $5,000 for the first violation, $10,000 for the second violation and $15,000 for each subsequent violation." N.J.S.A. 17:33A-5a. The statute authorizes the court to fix the penalty within a range, invoking the court's equitable power. Moreover, the right to impose such penalties is based upon a distinctive legislative initiative designed to aggressively confront insurance fraud. N.J.S.A. 17:33A-2.
The Act also allows for restitution as a remedy. N.J.S.A. 17:33A-5a. Restitution is an equitable doctrine. Wanaque Borough Sewerage Auth. v. Township of West Milford, 144 N.J. 564, 575, 677 A.2d 747 (1996). Restitution is defined as the "return or restoration of some specific thing to its rightful owner or status; compensation for benefits derived from a wrong done to another; compensation or reparation for the loss caused to another." Black's Law Dictionary 1315 (7th ed.1999).
Here, the State is not seeking damages, as in a common law fraud action, but rather is seeking a statutory penalty designed to reduce the incidence of insurance fraud. In fact, the civil penalties imposed by the Act are remedial in nature and revenues from the penalties are credited to the New Jersey Automobile Full Insurance Underwriting Association Auxiliary Fund. Merin, supra, 126 N.J. at 445, 599 A.2d 1256. Restitution in this case would be to restore to Allstate the $13,000 it paid on defendant's behalf.
The State also seeks reasonable attorney's fees and costs associated with investigating and prosecuting defendant's alleged insurance fraud. "The court may also award court costs and reasonable attorney's fees to the commissioner." N.J.S.A. 17:33A-5a. Attorney's fees are a distinctive statutory and equitable form of relief. Shaner, supra, 116 N.J. at 451, 561 A.2d 1130.
Defendant argues that the trial judge properly found that the remedies sought by the State were both legal and equitable and, thus, require that the action proceed with a jury trial. Defendant further asserts that he is entitled to have a jury decide whether the alleged misrepresentation of his address was material. Both the trial court and defendant rely on Selective Ins. Co. v. McAllister, 327 N.J.Super. 168, 742 A.2d 1007 (App.Div.), certif. denied, 164 N.J. 188, 752 A.2d 1290 (2000), as authority. The reliance is misplaced.
The issue in McAllister was whether a criminal conviction for theft by deception of insurance proceeds by altering medical bills was res judicata in a civil action brought by the insurer pursuant to the Act. We held that, since there was a genuine issue of material fact not adjudicated in the criminal proceeding, defendant was entitled to a trial. The issue of the right to a jury trial was not on appeal. Moreover, the State was not a party to that action. The court held that a jury was entitled to determine the materiality of defendant's fraudulent submissions. McAllister, supra, 327 N.J.Super. at 176, 742 A.2d 1007. The use of the term jury in McAllister is, in our view, no support for the proposition that in a proceeding brought by the State under the Act, a defendant is entitled to a jury trial.

III
Defendant argues that the statutory scheme of the Act is so "packed" that it must be regarded as "serious" for Sixth Amendment purposes, which entitles him a jury trial. He contends that the comprehensive scheme which "arms the State with awesome power against the individual" *570 demonstrates this point. Further, he asserts that since the imposition of a fine or other remedy under the Act "does not preclude prosecution for a violation of the criminal law of this State," he could conceivably be prosecuted criminally. He then sets forth a variety of scenarios whereby he could face a criminal trial without the benefit of having had the civil matter that gave rise to the criminal matter decided by a jury of his peers. At this point, all of these arguments are at best speculation because the record is barren of any evidence that the State intends to criminally prosecute defendant.
"Persons charged with crime are constitutionally entitled to trial by jury." State v. Hamm, 121 N.J. 109, 112, 577 A.2d 1259 (1990), cert. denied, 499 U.S. 947, 111 S.Ct. 1413, 113 L.Ed.2d 466 (1991). Those charged with petty offenses are not entitled to a jury. Ibid. "[T]he right to jury trial in serious criminal cases is a fundamental right and hence must be recognized by the States as part of their obligation to extend due process of law to all persons within their jurisdiction." Duncan v. Louisiana, 391 U.S. 145, 154, 88 S.Ct. 1444, 1450, 20 L.Ed.2d 491, 499 (1968).
Defendant contends that he is entitled to Sixth Amendment right to trial by jury in this case because a violation of the Act constitutes a serious offense, as opposed to a petty offense. Defendant incorrectly characterizes this civil statute as a serious criminal offense when it clearly is not.
In determining whether an offense is categorized as serious, triggering the right to a Sixth Amendment trial, the length of the authorized prison term or the seriousness of other punishment is examined. Blanton v. North Las Vegas, 489 U.S. 538, 542, 109 S.Ct. 1289, 1292, 103 L.Ed.2d 550, 556 (1989). "Primary emphasis, however, must be placed on the maximum authorized period of incarceration." Ibid. Our Supreme Court has held that the only reliable test for distinction between petty and serious offenses is the severity of the authorized punishment. Hamm, 121 N.J. at 112, 577 A.2d 1259. "[A] jury trial is not required unless the maximum penalty to which defendant is exposed exceeds six months incarceration and a fine of $1,000.00." Ibid.
The Court in Hamm noted that the statutory penalties imposed for driving while intoxicated ("DWI"), N.J.S.A. 39:4-50, did "not signal the Legislature's intent to treat DWI as the functional equivalent of a crime." Id. at 128, 577 A.2d 1259. The Court stated that "absent [] clear constitutional requirement," legislative action was necessary to grant the right to a jury trial in DWI cases, not judicial judgment. Id. at 129, 577 A.2d 1259.
The current cause of action arises from defendant's alleged violations of the Act. The Act is a civil statute, which, if violated, results in civil penalties. Thus, the claims are neither serious, nor petty criminal offenses. Incarceration is not an available remedy under the Act. Incarceration could occur only if the commissioner of insurance requested the Attorney General to bring a criminal action and the Attorney General agreed. Such an action could result in a conviction that would warrant incarceration under our Criminal Code. N.J.S.A. 17:33A-5a.
The Sixth Amendment petty offense versus serious offense analysis is misplaced here. The State is seeking only civil remedies in this cause of action. The mere fact that prosecution for a violation of a criminal law of the State may be initiated separately does not change the civil nature of the present cause of action. Moreover, the kind of punishment about which defendant speculates in his brief is *571 not the intent of the Act. Rather, the detection and elimination of insurance fraud are the primary goals of the Act and civil penalties are utilized to enforce those goals. N.J.S.A. 17:33A-2.

IV
Defendant argues that N.J.S.A. 17:33A-26 provides for restitution of moneys to insurers through the possible seizure of any assets and that this is tantamount to forfeiture for which there is a right to a jury trial. He insists that since the State could seek seizure of his automobile, he should be afforded a jury trial as in State v. One 1990 Honda Accord, 154 N.J. 373, 712 A.2d 1148 (1998). We disagree.
One 1990 Honda Accord addressed a civil in rem action brought pursuant to N.J.S.A. 2C:64-1 to 9, "Forfeiture Act." The Court held that under the Forfeiture Act section governing forfeiture of innocent property, a mother had a right to a jury trial in an in rem forfeiture action arising from her son's use of her vehicle for criminal purposes without her permission. One 1990 Honda Accord, supra, 154 N.J. at 393, 712 A.2d 1148.
N.J.S.A. 17:33A-26 does not authorize forfeiture of property. One of the main purposes of the Act is to require the restitution of fraudulently obtained insurance benefits. N.J.S.A. 17:33A-2. In order to do so, the Act permits the seizure of assets of the party committing the fraud. N.J.S.A. 17:33A-26 (emphasis added). Specifically, the provision states:
The Insurance Fraud Prosecutor shall consider the restitution of moneys to insurers and others who are defrauded as a major priority, in order that policyholders may benefit from the prosecution of those persons guilty of insurance fraud, and to that end, any assets of any person guilty of fraud shall be subject to seizure.

[Ibid.]
N.J.S.A. 17:33A-26 does not authorize a forfeiture, but rather a seizure of assets to pay restitution. The provision does not authorize a jury trial under the Act.

V
The order under review is reversed. The matter is remanded for further proceedings consistent with this opinion.
NOTES
[1] Our Supreme Court has expressly declined to decide whether the guarantee refers to the common law as it stood in 1947 when the current Constitution was adopted, or 1844 with the earlier constitution or 1776 with the original constitution. Muise v. GPU, Inc., 332 N.J.Super. 140, 168, 753 A.2d 116 (App.Div.2000). However, "[a]s a practical matter, acceptance of one constitution or another probably does not affect the recognition of the right." State v. One 1990 Honda Accord, 154 N.J. 373, 378, 712 A.2d 1148 (1998).